IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **RANDALL LEE BARNETT**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:20CV00047 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY**, | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Joseph E. Wolf,* WOLF, WILLIAMS, & REYNOLDS, *Norton, Virginia, for Plaintiff; Antonia Adam, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendation ("Report") of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits and supplemental security income under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 36-page Report and Recommendation ("Report") on March 3, 2022, in which she recommended that the

court affirm the Commissioner's decision denying benefits. On March 10, 2022, the plaintiff filed written objections to the Report. The defendant did not file a response. The objections are ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner based upon the findings of the Administrative Law Judge ("ALJ") if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (internal quotation marks and citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

The plaintiff objects to the following aspects of the Report:

(1) Its finding that the ALJ properly considered the plaintiff's symptoms and did not inappropriately engage in a credibility determination;

(2) Its finding that the ALJ properly evaluated a treating source opinion.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. The ALJ's reference to "the credibility of claimant's allegations," does not warrant remand. ALJ Decision 10, ECF No. 8-1. At most, the ALJ's isolated reference to credibility constitutes a harmless error. *Tygari D. v. Kijakazi*, No. 1:20-cv-00697-LO-MSN, 2021 WL 5230739, at *10 (E.D. Va. Oct. 22, 2021) (discussing the harmless error doctrine). The ALJ considered the plaintiff's symptoms using the appropriate two-part framework. Furthermore, the ALJ was within his discretion to weigh Dr. Halstead's opinion as he did.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 18, is DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 17, is fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 15, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: March 24, 2022

/s/  JAMES P. JONES
Senior United States District Judge